Filed 1/13/16  In re Joseph E. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JOSEPH E., JR., a Person Coming Under the Juvenile Court Law. | B266304 (Los Angeles County Super. Ct. No. DK11212) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH E., SR.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, D. Zeke Zeidler, Judge.  Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Stephen D. Watson, Deputy County Counsel, for Plaintiff and Respondent.

───────────────────

The lone contention in this appeal is that the dependency court failed to comply with the notice requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). We hold that the information provided to the court is insufficient, as a matter of law, to trigger the ICWA's notice requirement.

### RELEVENT PROCEDURAL HISTORY AND FACTS

The dependency court sustained a Welfare and Institutions Code[1] section 300 petition alleging that Joseph, Jr. (the child) was at risk of harm due to physical abuse inflicted by Joseph, Sr. (father).[2] Father appeals from an order sustaining the section 300 petition and removing the child from father's custody.

After the child was initially detained, father told the Los Angeles County Department of Children and Family Services (the Department) on May 6, 2015,[3] that he had no Indian heritage, and signed an ICWA document to that effect. At a detention hearing on May 11, father stated "he has possible American Indian heritage. Unknown tribe." On a form filed the same day, father stated that a paternal great-grandfather "may have ancestry" but father "doesn't know anything else & doesn't know who would know more." The dependency court found there was no reason to know the child was an Indian child and did not order the Department to send ICWA notices. Father was ordered to

---

[1] All future references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] Because of the limited nature of the issue on appeal, we do not detail the facts supporting jurisdiction. In summary, the court found father struck the child repeatedly with an electrical cord resulting in injuries to various body parts. Additional findings included father's prior use of an electrical cord, belt, and hanger to strike the child. A failure to protect finding was made against mother. Mother is not a party to this appeal.

[3] All dates are in 2015.

2

keep the Department, the court, and his attorney aware of any new information relating to ICWA status.

In a report filed on July 14, the Department reported that father's maternal aunt, maternal grandmother, and maternal grandfather all denied having Indian heritage. Maternal grandfather also stated that neither he nor maternal grandmother have family members enrolled in any tribe. Father told the Department "he has no documentation of any of his family members having membership in a tribe. He stated he would not qualify for any ICWA services."

At the adjudication on July14, the Department requested the court to find that ICWA did not apply. Without objection from counsel for father, the court found "the ICWA investigation is proper and complete" and the prior order that the ICWA did not apply remained in effect.

**DISCUSSION**

Father contends that his two statements that he may have Indian ancestry were sufficient to trigger the notice required by the ICWA. We disagree.

The ICWA was enacted "to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs." (25 U.S.C § 1902.) "'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. . . ." (25 U.S.C.A. § 1903(4).)

"When a court 'knows or has reason to know that an Indian child is involved' in a juvenile dependency proceeding, a duty arises under ICWA to give the Indian child's tribe notice of the pending proceedings and its right to intervene. [Citations.]

3

Alternatively, if there is insufficient reason to believe a child is an Indian child, notice need not be given. [Citations.]" (*In re Shane G.* (2008) 166 Cal.App.4th 1532, 1538 (*Shane G.*).)

"'The circumstances that may provide probable cause for the court to believe the child is an Indian child include, but are not limited to, the following:  [¶] (A) A person having an interest in the child . . . informs the court or the county welfare agency . . . or provides information suggesting that the child is an Indian child; [¶] (B) The residence of the child, the child's parents, or an Indian custodian is in a predominantly Indian community; or [¶] (C) The child or the child's family has received services or benefits from a tribe or services that are available to Indians from tribes or the federal government, such as the Indian Health Service.'  [Citations.]  If these or other circumstances indicate a child may be an Indian child, the social worker must further inquire regarding the child's possible Indian status.  Further inquiry includes interviewing the parents, Indian custodian, extended family members or any other person who can reasonably be expected to have information concerning the child's membership status or eligibility.  (§ 224.3, subd. (c).)  If the inquiry leads the social worker or the court to know or have reason to know an Indian child is involved, the social worker must provide notice.  (§§ 224.3, subd. (d), 224.2, subd. (a)(5)(A)-(G).)"  (*Shane G.*, *supra*, 166 Cal.App.4th at pp. 1538-1539.)

Here, father's vague statements that he has possible American Indian heritage in an unknown tribe and that he may have ancestry although he does not know anything else or who would know more, are insufficient as a matter of law to trigger the ICWA notice requirements.  (*In re Jeremiah G.* (2009) 172 Cal.App.4th 1514, 1521 [ICWA notice requirement not triggered where the father stated he might have some Indian heritage but did not mention the tribe name, then later told the Department and the court that he did not have any Indian heritage, and his counsel retracted the claim]; *Shane G.*, *supra*, 166 Cal.App.4th at p. 1539 [suggestion that minor's "great-great-great-grandmother was a Comanche princess" insufficient to show that minor was an Indian child where no family member ever lived on a reservation, attended an Indian school, participated in Indian

4

ceremonies or received Indian healthcare services]; *In re O.K.* (2003) 106 Cal.App.4th 152, 157 [paternal grandmother's statement that the minor's father "'may have Indian in him'" because "where were [*sic*] from is that section" deemed too vague and speculative to cause court to believe minor is an Indian child].)

*In re Alice M.* (2008) 161 Cal.App.4th 1189 (*Alice M.*), cited by father, does not compel a different result. The mother in *Alice M.* was presented with a form asking whether the child "'is or may be a member of, or eligible for membership in, a federally recognized Indian tribe.'" The mother answered, "American Indian, Navajo-Apache" in response to the question. (*Id.* at p. 1194.) "At the least, the information in this case gave the court reason to know that Alice *may be* an Indian child. In completing the JV-130 form, appellant stated that Alice is or may be a member of, or eligible for membership in, an Apache and/or Navajo tribe. The ambiguity in the form and the omission of more detailed information, such as specific tribal affiliation or tribal roll number, do not negate appellant's stated belief that Alice may be a member of a tribe or eligible for membership." (*Id.* at p. 1198.)

Unlike the information provided in *Alice M.*, father's statements here provide no basis for a finding that the child is, or may be, an Indian child. Father twice stated he had no Indian heritage. When father did mention possible Indian ancestry, he provided absolutely no information to support a finding that the child was an Indian child. Father did not mention any tribe by name. Not only did father have no information to provide, he did not know of anyone else with information on the subject. The Department interviewed maternal family members, none of whom had Indian heritage, and one specifically stated there was no Indian ancestry on that side of the family. Father said he had no documentation to show the child was an Indian child and the child was not entitled to ICWA services.[4] Given this record, the dependency court had no reason to

---

[4] Although the meaning of father's reference to ICWA services is unclear, the statement as a whole provides no reason to believe the child is, or may be, an Indian child.

5

believe the child was, or may be, an Indian child. The ICWA notice requirements did not apply under these facts.

## DISPOSITION

The order is affirmed.


KRIEGLER, Acting P. J.


We concur:


BAKER, J.


KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.